T.C. Memo. 2009-40

UNITED STATES TAX COURT

ALINA KARP, Petitioner,
AND ORRIN E. KARP, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26617-06.            Filed February 18, 2009.

Dennis G. Harkavy, for petitioner.

Orrin E. Karp, pro se.

Steven M. Roth, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6015(e),[1] petitioner

seeks review of respondent's determination with respect to her

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code.

request for section 6015 relief from joint income tax liabilities for the tax years 2000, 2001, and 2003. Respondent determined that petitioner was entitled to partial relief pursuant to section 6015(c) and denied relief pursuant to section 6015(b) and (f). Petitioner seeks review of respondent's denial of relief pursuant to section 6015(b), (c), and (f).

If the Court determines that petitioner is entitled to relief pursuant to section 6015(b) or (f), then petitioner seeks a refund of community property proceeds (the proceeds from the sale of her family home) used to satisfy the joint income tax liabilities.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference.

Petitioner resided in California when the petition was filed. Petitioner's former spouse, Orrin Karp (Mr. Karp), intervened.

Petitioner and Mr. Karp were married on March 30, 1993. During their marriage Mr. Karp worked in the commercial real estate business. Petitioner worked as a legal secretary until approximately June 1994 and did not work outside the home for the rest of their marriage. Petitioner and Mr. Karp separated on April 29, 2004, and were divorced on March 29, 2007.

During their marriage the couple lived in a home originally purchased by Mr. Karp as separate property. Mr. Karp used his separate funds as a downpayment in purchasing the house and in making significant improvements to the house. On December 2, 1993, Mr. Karp quitclaimed his separate property interest in the house to petitioner and himself as community property. This house thereby became the community property of petitioner and Mr. Karp.

Petitioner and Mr. Karp did not initially file tax returns for 1995 through 2002. The Internal Revenue Service (IRS) contacted petitioner and Mr. Karp about their failure to file tax returns. Petitioner and Mr. Karp, with an accountant's assistance, filed delinquent tax returns for years 1995 through 2001.

Approximately 1 year after the 1995 through 2001 returns were filed, petitioner and Mr. Karp were contacted by and met with an IRS collection officer. Petitioner and Mr. Karp then hired a different accountant to prepare amended returns for 1995 through 2001. After the amended returns were filed, the IRS audited them. The IRS questioned some of the business deductions and other deductions claimed on their amended joint returns. The IRS sent notices of deficiency to petitioner and Mr. Karp on October 17, 2005, for their 2000 return and on October 31, 2005, for their 2001 return.

Petitioner and Mr. Karp timely filed their 2003 joint income tax return. The IRS disallowed certain expenses claimed on Schedule C, Profit or Loss from Business, such as commissions and fees paid to others. On November 7, 2005, the IRS sent petitioner and Mr. Karp a notice of deficiency regarding their 2003 tax return.

The years in issue before this Court are 2000, 2001, and 2003, and the following amounts include tax, penalties, and interest that had accrued as of July 10, 2006. For 2000 there is an underpayment[2] of $42,820.22 and an understatement[3] of $110,064.24; part of this understatement resulted from a math error made by petitioner and Mr. Karp. For 2001 there is an understatement of $6,285.53. For 2003 there is an understatement of $130,804.33.

On July 10, 2006, petitioner's outstanding tax liabilities (including the underpayment for 2000 and understatements for 2000, 2001, and 2003) were paid from the proceeds of the sale of petitioner's and Mr. Karp's family home.

---

[2] An "underpayment" is the taxpayer's failure to pay the tax shown as due on a return. It may be determined by subtracting the amount of the tax actually paid by the taxpayer from the amount of tax reported on the return.

[3] An "understatement", generally equated with a "deficiency", is the taxpayer's failure to correctly report on a return the amount of tax due. It may be determined by subtracting the amount of the tax imposed which is shown on the return from the amount of the tax required to be shown on the return. Secs. 6015(b)(3), 6662(d)(2)(A), 6211(a).

On August 23, 2005, petitioner filed Form 8857, Request for Innocent Spouse Relief.  Petitioner requested section 6015 relief from the underpayment for 2000 and the understatements for 2000, 2001, and 2003.  Respondent awarded and denied section 6015 relief to petitioner as follows:

- 2000 Underpayment:  Respondent denied section 6015(f) relief on September 22, 2006.

- 2000 Understatement:  Respondent awarded partial section 6015(c) relief and denied section 6015(b) relief on September 22, 2006.  Respondent's award of partial section 6015(c) relief was for the portion of the understatement that was not due to a math error on petitioner's part.

- 2001 Understatement:  Respondent awarded full section 6015(c) relief and denied section 6015(b) relief on September 25, 2006.

- 2003 Understatement:  Respondent awarded full section 6015(c) relief and denied section 6015(b) relief on September 25, 2006.

On December 26, 2006, petitioner filed her petition with this Court to review respondent's determination with respect to her request for section 6015 relief for 2000, 2001, and 2003. Petitioner alleges that the tax liabilities for these years were satisfied using the proceeds from the sale of community property

(petitioner's former family home).  If petitioner is entitled to section 6015(b) or (f) relief, then petitioner seeks a refund of her share of the community property proceeds used to satisfy the joint income tax liabilities for 2000, 2001, and 2003.

## OPINION

Section 6015(g)(3) precludes a refund in the case of section 6015(c) relief.  Accordingly, we look to section 6015(b) and (f) to determine whether petitioner is entitled to such relief.  Even if petitioner is otherwise entitled to section 6015(b) or (f) relief, Ordlock v. Commissioner, 126 T.C. 47 (2006), affd. 533 F.3d 1136 (2008), is the controlling precedent, and a refund is precluded.

Mr. Karp deeded the family home to petitioner and himself as community property.  Subsequently, the family home was sold, and the proceeds were used to pay the joint tax liabilities of petitioner and Mr. Karp.  Petitioner has asked for a review of her eligibility for section 6015 relief and has asked for a refund of the family home proceeds.

We have faced a similar factual scenario before.  In Ordlock v. Commissioner, supra, payments of joint income tax liabilities were made using community property and the separate property of the taxpayer.  The taxpayer had sought innocent spouse relief from the IRS and was granted section 6015(b) relief.  Afterward, the taxpayer sought in this Court a refund of payments made using

community property assets. In Ordlock, the Commissioner conceded that the taxpayer was entitled to a refund of the payments made from her separate property. In denying her request for a refund of the payments made from community property, we stated: "The nature of a marital community in California is to generally allow the individual debts of the spouses to be collected out of community assets." Id. at 59. "If Mr. Ordlock had been personally liable to a nongovernment creditor, the community assets would have been a potential source of payment to that creditor." Id.

Even if petitioner is entitled to section 6015(b) or (f) relief, petitioner could not be refunded the amounts paid from community property. Petitioner has not alleged that any part of the payments was made from separate property of petitioner or intervenor. In Ordlock, we held that section 6015 did not preempt community property law so as to allow for the refund of payments made from community property. Our decision was affirmed by the U.S. Court of Appeals for the Ninth Circuit, 533 F.3d 1136 (2008). In the absence of stipulation to the contrary, any appeal of this case would be to that Court of Appeals. Therefore, we are precluded from refunding to petitioner any of her community property used to pay the 2000, 2001, and 2003 tax liabilities, even if she were otherwise eligible for section 6015(b) or (f) relief.

Accordingly, since we are precluded from providing petitioner a refund, we are unable to grant her relief under section 6015(b), (c), or (f).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.